# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2015

Lyle W. Cayce
Clerk

No. 15-40078
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS ZAVALA-RODRIGUEZ, also known as Jose Juan Zavala-Rodriguez, also known as Jose Juan Rodriguez-Sosa,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-1227-1

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Luis Zavala-Rodriguez appeals the sentence imposed following his jury trial conviction for one count of assault on a federal officer and inflicting bodily injury, one count of assault on a federal officer causing physical contact, one count of conspiracy to transport an illegal alien within the United States and causing bodily injury, and one count of transportation of an illegal alien

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40078

within the United States and causing bodily injury.  He argues that the district court erred in applying an adjustment under U.S.S.G. § 2A2.2(b)(3) based upon a finding that a victim, United States Border Patrol Agent Joshua Cain Davila, sustained bodily injury.  Zavala-Rodriguez also contends that the district court erred in applying an adjustment under U.S.S.G. § 2L1.1(b)(7)(B) in light of its determination that a codefendant, Johnny Jose Redrovan-Pesantez, sustained serious bodily injury.  The district court's interpretation and application of the Sentencing Guidelines are reviewed de novo and its factual findings, including the degree of injury sustained, for clear error.  *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010).

In light of the record as a whole, the district court plausibly could have found that Davila suffered bodily injury.  *See United States v. Griffith*, 522 F.3d 607, 611-12 (5th Cir. 2008).  The trial evidence, which the jury found to support a finding of bodily injury, and the unrefuted facts in the PSR reflect that Davila suffered a painful or obvious injury for which he sought medical treatment  *See* §§ 2A2.2(b)(3)(A), 1B1.1, comment. (n.1(B)).  The evidence established that, as a result of a struggle that involved Zavala-Rodriguez, Davila suffered a cervical sprain, a head contusion, and a swollen hand and that he went to the hospital to have the injuries treated.  The doctors directed Davila, who experienced pain for several days, to take pain medication and to limit his physical activities.  Thus, the district court did not clearly err in finding that Davila sustained bodily injury that merited an adjustment under § 2A2.2(b)(3)(A).

Likewise, the district court did not clearly err in finding that Redrovan-Pesantez sustained serious bodily injury that warranted an adjustment under § 2A1.1(b)(7)(B).  The record establishes that Redrovan-Pesantez suffered an injury that caused him to experience extreme physical pain and necessitated medical intervention.  Specifically, he sustained a gunshot wound to the lower

2

No. 15-40078

leg that affected his mobility immediately after the shooting and which bled significantly; the damage to the leg included an entrance and exit wound, and he complained during treatment about the severity of the pain caused by the injury. Moreover, Redrovan-Pesantez had to be transported to a hospital for treatment; required crutches, antibiotics, and pain medication for his injuries; and had to return to the hospital for a follow-up visit, where he was advised to continue taking the medication. Therefore, the district court plausibly could have found that Redrovan-Pesantez sustained serious bodily injury under the Guidelines. *See Griffith*, 522 F.3d at 611-12 §§ 2L1.1(b)(7)(B), 1B1.1, comment. (n.1(B)); *United States v. Moore*, 997 F.2d 30, 37 (5th Cir. 1993).

Accordingly, the judgment is AFFIRMED.